ROBERT BRIAN BLACK 7659
BENJAMIN M. CREPS 9959
DÉVI DIANA STONE CHUNG 12173
Public First Law Center
700 Bishop Street, Suite 1701
Honolulu, Hawai`i 96813
brian@publicfirstlaw.org
ben@publicfirstlaw.org
fellow@publicfirstlaw.org
Tele: (808) 531-4000
Facsimile: (808) 380-3580

*Attorneys for Movant Public First Law Center*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| IN RE: PUBLIC FIRST LAW CENTER,<br><br>Movant. | MISC. NO. 26-250<br>[CR NO. 22-CR-93-JMS]<br><br>MOTION TO UNSEAL SENTENCING RECORDS [DKT. 264, 335, 336] |

**MOTION TO UNSEAL SENTENCING RECORDS [DKT. 264, 335, 336]**

# TABLE OF CONTENTS


TABLE OF CONTENTS ........................................................................... I

TABLE OF AUTHORITIES ........................................................................ II

I. FACTUAL BACKGROUND ........................................................................ 2

II. THE PUBLIC HAS A PRESUMED CONSTITUTIONAL RIGHT OF ACCESS TO RECORDS OF CRIMINAL PROCEEDINGS. ........................ 3

III. THE CONSTITUTIONAL RIGHT OF ACCESS EXTENDS TO SENTENCING PROCEEDINGS. ................................................... 5

IV. AUTOMATIC SEALING OF SENTENCING RECORDS CONTRAVENES THE PUBLIC RIGHTS OF ACCESS. ............................ 7

CONCLUSION ........................................................................................ 9

# TABLE OF AUTHORITIES

**Cases**

*Associated Press v. U.S. Dist. Ct.*, 705 F.2d 1143 (9th Cir. 1983)........................7, 8

*CBS, Inc. v. U.S. Dist. Ct.*, 765 F.2d 823 (9th Cir. 1985).............................1, 4, 5, 6

*Civil Beat Law Ctr. for the Pub. Interest, Inc. v. Maile*,
117 F.4th 1200 (9th Cir. 2024). .................................................................1, 7

*Globe Newspaper Co. v. Superior Ct.*, 457 U.S. 596 (1982) ........................3, 4, 5, 8

*Oregonian Publ'g Co. v. U.S. Dist. Ct.*, 920 F.2d 1462 (9th Cir. 1990)...........5, 6, 8

*Phoenix Newspapers, Inc. v. U.S. Dist. Ct.*, 156 F.3d 940
(9th Cir. 1998)..........................................................................................7, 8

*Press-Enter. Co. v. Superior Ct.*, 464 U.S. 501 (1984)........................................4, 5

*Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980) .........................3, 4, 5

*United States v. Alcantara*, 396 F.3d 189 (2d Cir. 2005)..........................................6

*United States v. Brooklier,* 685 F.2d 1162 (9th Cir. 1982) ......................................7

*United States v. Doe*, 870 F.3d 991 (9th Cir. 2017).............................................7, 8

*United States v. Harris*, 890 F.3d 480, 492 (4th Cir. 2018).....................................6

*United States v. Kravetz*, 706 F.3d 47 (1st Cir. 2013)..............................................6

*United States v. Ochoa-Vasquez*, 428 F.3d 1015 (11th Cir. 2005) ...........................6

*United States v. Rivera*, 682 F.3d 1223 (9th Cir. 2012)..........................................6

**Rules**

Crim. L.R. 5.2 (D. Haw.)......................................................................passim

Crim. L.R. 11.1 (D. Haw.)..........................................................................8, 9

Pursuant to the public right of access guaranteed by the First Amendment of the United States Constitution, and in accordance with Criminal Local Rule 5.2(b)(4), Public First Law Center (Public First) moves to unseal the Government's sealed motion as to Defendant Jamey Denise Jackson [Dkt. 264], the Government's sentencing memorandum as to Defendant Jamey Denise Jackson [Dkt. 335], and Defendant Jamey Denise Jackson's sentencing memorandum [Dkt. 336] in *United States v. Jackson*, Case No. 22-CR-93-JMS.[1]

The First Amendment provides "a presumptive right to access nearly every stage of post-indictment criminal proceedings" including "records filed in those criminal proceedings." *Civil Beat Law Ctr. for the Pub. Interest, Inc. v. Maile*, 117 F.4th 1200, 1208 (9th Cir. 2024). Documents advocating for modifications to or departures from the sentencing guidelines should not be automatically sealed from public view. The "penal structure is the least visible, least understood, and least effective part of the justice system." *CBS, Inc. v. U.S. Dist. Ct.*, 765 F.2d 823, 826 (9th Cir. 1985) (government not permitted to hide its position supporting or opposing motion to reduce sentence). Public First respectfully requests that this Court unseal Dkt. 264, Dkt. 335, and Dkt. 336.

[1] Unless otherwise stated, "Dkt." refers to the Docket of *United States v. Jackson, et al.*, 22-CR-93-JMS.

## I. FACTUAL BACKGROUND

On October 20, 2022, an indictment was filed against Jamey Denise Jackson (Ms. Jackson) and her husband, Curtiss E. Jackson, charging eight counts for their multi-year investment fraud scheme involving their company Semisub, Inc. *E.g.*, Dkt. 1. Ms. Jackson pleaded guilty to conspiracy to commit mail fraud and wire fraud in exchange for dismissal of the remaining charges. Dkt. 81 at PageID.412. Pursuant to a written plea agreement, she agreed to fully cooperate with the Government. *Id.* at PageID.440. Her pretrial cooperation led to an additional charge against her husband for witness tampering. Dkt. 355 at PageID.3148-49, 3153-54, 3163-64. And Ms. Jackson publicly testified against him at trial. *E.g.*, Dkt. 225, 227.

The Government filed a sealed motion for downward departure and a sealed sentencing memorandum as to Ms. Jackson without a motion to seal. Dkt. 264, 335; *see* Dkt. 355 at PageID.3145-46, 3154, 3162 (Court: "I'm going to grant the motion for downward departure.") (Defense Counsel: "I would submit the Court should significantly depart from the guidelines downward and vary downward from the guidelines in imposing sentence as to this defendant."). Ms. Jackson filed a sealed sentencing memorandum without a motion to seal. Dkt. 336.

The parties extensively discussed Ms. Jackson's cooperation at her sentencing. Dkt. 355 at PageID.3146, 3148-54. And this Court acknowledged that

Ms. Jackson's "cooperation was extremely important." Dkt. 355 at PageID.3163-66.

## II. THE PUBLIC HAS A PRESUMED CONSTITUTIONAL RIGHT OF ACCESS TO RECORDS OF CRIMINAL PROCEEDINGS.

The constitutional right of public access to criminal proceedings is among those rights that, "while not unambiguously enumerated in the very terms of the [First] Amendment, are nonetheless necessary to the enjoyment of other First Amendment rights." *Globe Newspaper Co. v. Superior Ct.*, 457 U.S. 596, 604 (1982). "A major purpose of that Amendment was to protect the free discussion of governmental affairs." *Id.*; *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 575 (1980) (plurality opinion) (the freedoms in the First Amendment "share a common core purpose of assuring freedom of communication on matters relating to the functioning of government"). Thus, to the extent that the constitution guarantees a qualified right of public access, "it is to ensure that this constitutionally protected 'discussion of governmental affairs' is an informed one." *Globe Newspaper*, 457 U.S. at 605; *Richmond Newspapers*, 448 U.S. at 587 (Brennan, J., concurring) ("Implicit in this structural role is not only the principle that debate on public issues should be uninhibited, robust, and wide-open, but also the antecedent assumption that valuable public debate—as well as other civic behavior—must be informed.").

"By offering such protection, the First Amendment serves to ensure that the individual citizen can effectively participate in and contribute to our republican system of self-government." *Globe Newspaper*, 457 U.S. at 604. "[T]he public has an intense need and a deserved right to know about the administration of justice in general; about the prosecution of local crimes in particular; about the conduct of the judge, the prosecutor, defense counsel, police officers, other public servants, and all the actors in the judicial arena; and about the trial itself." *Richmond Newspapers*, 448 U.S. at 604 (Blackmun, J., concurring). "[Openness] gave assurance that the proceedings were conducted fairly to all concerned, and it discouraged perjury, the misconduct of participants, and decisions based on secret bias or partiality." *Id.* at 569 (plurality opinion); *accord Press-Enter. Co. v. Superior Ct.*, 464 U.S. 501, 508 (1984) ("[T]he sure knowledge that *anyone* is free to attend gives assurance that established procedures are being followed and that deviations will become known.").

The presumption of openness to criminal proceedings and documents "is at the foundation of our judicial system." *CBS*, 765 F.2d at 826. Such openness "enhances both the basic fairness of the criminal trial and the appearance of fairness so essential to public confidence in the system." *Press-Enter.*, 464 U.S. at 508. "A result considered untoward may undermine public confidence, and where the trial has been concealed from public view, an unexpected outcome can cause a

reaction that the system, at best, has failed, and, at worst, has been corrupted." *Richmond Newspapers*, 448 U.S. at 571 (plurality opinion). "People in an open society do not demand infallibility from their institutions, but it is difficult for them to accept what they are prohibited from observing." *Id*. at 572.

The First Amendment right of access "may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Press-Enter.,* 464 U.S. at 510; *accord Globe Newspaper*, 457 U.S. at 606-07. The proponent of sealing has the burden to prove that: "(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest." *Oregonian Publ'g Co. v. U.S. Dist. Ct.*, 920 F.2d 1462, 1466 (9th Cir. 1990). The findings may not be based on "conclusory assertions." *Id*.

## III. THE CONSTITUTIONAL RIGHT OF ACCESS EXTENDS TO SENTENCING PROCEEDINGS.

The Ninth Circuit has long recognized that the public right of access extends to sentencing proceedings and related documents. *CBS*, 765 F.2d at 825 (unsealing government motions to reduce sentence under Rule 35); *see also United States v. Rivera*, 682 F.3d 1223, 1228 (9th Cir. 2012) (articulating the value of open proceedings for sentencing). As then-Judge Kennedy explained:

> We find no principled basis for affording greater confidentiality to post-trial documents and proceedings than is given to pretrial matters. The primary justification for access to criminal proceedings, first that criminal trials historically have been open to the press and to the public, and, second, that access to criminal trials plays a significant role in the functioning of the judicial process and the governmental system, apply with as much force to post-conviction proceedings as to the trial itself.

*CBS*, 765 F.2d at 825 (citation omitted); *see also United States v. Harris*, 890 F.3d 480, 492 (4th Cir. 2018) (public right of access to sentencing memoranda); *United States v. Kravetz*, 706 F.3d 47, 56-59 (1st Cir. 2013) (same); *United States v. Ochoa-Vasquez*, 428 F.3d 1015 (11th Cir. 2005) (same); *United States v. Alcantara*, 396 F.3d 189, 196-99 (2d Cir. 2005) (sentencing hearing).

To retain the documents under seal, it is the sealing-proponent's burden to prove that a compelling interest exists and that there is a substantial probability of harm to that compelling interest. *Oregonian Publ'g*, 920 F.2d at 1467. Even if such proof exists, "alternatives to closure" other than complete sealing must be considered.[2] *Id.* at 1467 n.1.

Nothing in the record meets the constitutional standard for sealing the *entirety*, or any specific portion, of the Government's motion for downward departure and the parties' sentencing memoranda for Ms. Jackson.

[2] Without a motion to seal, there is no explanation of the reason for secrecy. Consequently, Public First lacks sufficient information to offer alternatives to closure.

## IV. AUTOMATIC SEALING OF SENTENCING RECORDS CONTRAVENES THE PUBLIC RIGHTS OF ACCESS.

Automatically sealing filings related to 5K1.1 cooperator agreements and cooperator-related filings, under Criminal LR 5.2(a)(9), unconstitutionally contravenes the public rights of access. The presumption of public access requires that courts follow certain procedures *before* sealing records. *Phoenix Newspapers, Inc. v. U.S. Dist. Ct.*, 156 F.3d 940, 949-51 (9th Cir. 1998). When the First Amendment right of access applies, the "procedural prerequisites to closure" require: (1) the public be given "a reasonable opportunity to state their objections"; and (2) "the reasons supporting closure must be articulated in findings." *United States v. Brooklier*, 685 F.2d 1162, 1167-68 (9th Cir. 1982). That does not happen when a rule permits filing presumptively public court records under seal without any judicial review. *Civil Beat Law Ctr. for the Pub. Interest, Inc. v. Maile*, 117 F.4th 1200, 1208 (9th Cir. 2024) ("where the right of access attaches, the procedures of case-by-case sealing and mandatory, categorical sealing are not on equal constitutional footing.").

As the Ninth Circuit observed, a "presumption of closure for all court filings [regarding cooperation] would not be consistent with our circuit's case law." *United States v. Doe*, 870 F.3d 991, 1002 (9th Cir. 2017). Automatic sealing orders "impermissibly reverse the 'presumption of openness' that characterizes

criminal proceedings". *Associated Press v. U.S. Dist. Ct.*, 705 F.2d 1143, 1147 (9th Cir. 1983).

> The procedural and substantive safeguards described in *Oregonian* and *Brooklier* are not mere punctilios, to be observed when convenient. They provide the essential, indeed only, means by which the public's voice can be heard. All too often, parties to the litigation are either indifferent or antipathetic to disclosure requests. This is to be expected: it is not their charge to represent the rights of others. . . . Similarly, entry of specific findings allows fair assessment of the trial judge's reasoning by the public and the appellate courts, enhancing trust in the judicial process and minimizing fear that justice is being administered clandestinely.

*Phoenix Newspapers*, 156 F.3d at 951.

While legitimate reasons may exist to seal cooperator-related filings, a court must evaluate each case individually before sealing. *E.g.*, *Globe Newspaper*, 457 U.S. at 608 ("A trial court can determine on a case-by-case basis whether closure is necessary to protect the welfare of a minor victim."); *Oregonian Publ'g*, 920 F.2d at 1467 (unsealing plea agreement where "no evidentiary support" disclosure would endanger cooperator defendant and his family); *Doe*, 870 F.3d at 1002 ("nothing in our precedent prevents district courts from adopting some variation of the practices recommended by the CCACM Report, as long as district courts decide motions to seal or redact on a case-by-case basis.").

Criminal LR 5.2(a)(9) is unconstitutional. Contrary to the public's First Amendment presumptive right of access to sentencing records, Criminal LR 5.2(a)(9) impermissibly *requires*—subject to the threat of sanctions, Criminal LR

11.1—that parties file cooperator-related documents under seal, with no motion to seal, no judicial review, and no order containing specific factual findings.

## CONCLUSION

Based on the foregoing, Public First respectfully moves to unseal Dkt. 264, 335, and 336 in *United States v. Jackson*, Case No. 22-CR-93-JMS.

DATED: Honolulu, Hawai`i, July 8, 2026

/s/ Dévi D. S. Chung
DÉVI D. S. CHUNG
ROBERT BRIAN BLACK
BENJAMIN M. CREPS
*Attorneys for Public First Law Center*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| IN RE: PUBLIC FIRST LAW CENTER,<br><br>Movant. | MISC. NO. 26-250<br>[CR. NO. 22-CR-93-JMS]<br><br>CERTIFICATE OF SERVICE |

**CERTIFICATE OF SERVICE**

I hereby certify that, on the dates and by the methods of service noted below a true and correct copy of the foregoing will be served on the following at their last known addresses:

Served Electronically:

| | | |
|---|---|---|
| Aislinn Affinito | Aislinn.Affinito@usdoj.gov | July 8, 2026 |
| Jennifer Bilinkas | Jennifer.Bilinkas@usdoj.gov | July 8, 2026 |
| Christopher Fenton | christopher.fenton@usdoj.gov | July 8, 2026 |
| Shy Jackson | Shy.Jackson2@usdoj.gov | July 8, 2026 |
| Katherine McCarthy | katherine.mccarthy@usdoj.gov | July 8, 2026 |
| Margaret C. Nammar | Margaret.Nammar@usdoj.gov | July 8, 2026 |
| Matthew Reilly | matthew.reilly2@usdoj.gov | July 8, 2026 |
| Sydney Spector | sydney.spector@usdoj.gov | July 8, 2026 |
| Mark R. Zenger | mrz@richardsandzenger.com | July 8, 2026 |
| Bentley C. Adams, III | badams32001@yahoo.com | July 8, 2026 |
| George C. Boisseau | boisseaugc@msn.com | July 8, 2026 |
| Catherine E. Gibson | cg@catherinegibson.com | July 8, 2026 |

DATED: Honolulu, Hawai`i, July 8, 2026.

/s/ Dévi D. S. Chung
Dévi D. S. Chung
*Attorney for Movant Public First Law Center*