LORINDA I. LARYEA
Chief
Fraud Section, Criminal Division
United States Department of Justice

MATTHEW REILLY
JENNIFER BILINKAS
Trial Attorneys
Fraud Section, Criminal Division
United States Department of Justice
1400 New York Avenue NW
Washington, D.C. 20005
Telephone: (202) 320-8523
E-mail: Matthew.Reilly2@usdoj.gov
Jennifer.Bilinkas@usdoj.gov

KENNETH M. SORENSON
United States Attorney
District of Hawaii

MARGARET C. NAMMAR #9045
AISLINN AFFINITO
Assistant United States Attorneys
Room 6-100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail: Margaret.Nammar@usdoj.gov
Aislinn.Affinito@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| IN RE: PUBLIC FIRST LAW CENTER,<br><br>Movant. | Case No. MC26-00250-JMS-KJM<br>[CR22-00093-02-JMS]<br><br>UNITED STATES OF AMERICA'S OPPOSITION TO MOTION TO UNSEAL SENTENCING RECORDS [DKT. 264, 335, 336] (ECF NO. 1); EXHIBIT A; CERTIFICATE OF SERVICE |

UNITED STATES OF AMERICA'S OPPOSITION TO
MOTION TO UNSEAL SENTENCING RECORDS [DKT. 264, 335, 336]

The United States, by and through undersigned counsel, as an interested party, submits this opposition to movant Public First Law Center's motion to unseal (ECF No. 1). The United States opposes unsealing of the Government's Sealed Motion in CR22-00093-02-JMS at Dkt.[1] 264 (hereinafter "Sealed Motion 264") filed in *United States v. Jamey Denise Jackson*, Case No. CR22-00093-02-JMS (D. Haw.) (hereinafter the "*Denise Jackson Case*").[2] The continued sealing of Sealed Motion 264 protects a compelling interest: the physical safety of a witness and her family. There is a substantial risk Denise Jackson may be harmed if Sealed Motion 264 is unsealed – a concern the government believes Denise Jackson also shares – and there are no adequate alternatives to sealing given the violence and witness intimidation tied to the *Denise Jackson Case*.

[redacted].[3]

---

[1] Unless otherwise stated, "Dkt." refers to the docket in *United States v. Jamey Denise Jackson*, Case No. CR22-00093-02-JMS (D. Haw.).

[2] Portions of this opposition have been redacted to avoid disclosure of the nature and substance of Sealed Motion 264, as well as other information and documents that remain under seal. An unredacted version will be filed under seal and *ex parte*.

[3] The United States objects to the unsealing of the Government's Sealed Sentencing Memorandum at ECF No. 335 and Denise Jackson's Sealed Sentencing Memorandum at ECF No. 336 (hereinafter "Sentencing Memorandums") filed in

## I. LEGAL STANDARD

The Ninth Circuit has held that "[a] qualified First Amendment right of public access attaches to in-court sentencing proceedings." *United States v. Doe*, 870 F.3d 991, 997 (9th Cir. 2017) ("*Doe (9th Cir.)*"); *see also In re Copley Press, Inc.*, 518 F.3d 1022 (9th Cir. 2008) (holding public has a qualified First Amendment right of access to: (1) a plea agreement cooperation addendum; (2) government's motion to seal the plea agreement and memorandum in support of it; (3) district court's orders granting the government's motion to seal; (4) defendant's plea colloquy transcript; and (5) transcripts of those portions of hearings on the government's motion to seal that were open to the public). [redacted]

---

*United States v. Jamey Denise Jackson*, Case No. CR22-00093-02-JMS, to the extent that the Sentencing Memoranda reference and discuss Sealed Motion 264 (ECF No. 335 at 2-4 and ECF No. 336 at 2, 5-7, and 14). The United States takes no position on the sealing of any additional portions of Denise Jackson's Sentencing Memorandum. Attached and filed under seal and *ex parte* as Exhibit A is a proposed redacted version of the Government's Sentencing Memorandum.

[redacted]

[redacted]

[redacted]

The Ninth Circuit has held that "[w]here the public has a qualified First Amendment right of access, criminal proceedings and documents may be closed to the public without violating the First Amendment only if three substantive requirements are satisfied: (1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest. The court must not base its decision on conclusory assertions alone, but must make specific factual findings." *Doe (9th Cir.)*, 870 F.3d at 998 (alterations and internal citations and quotations omitted).

In assessing the likelihood of harm, "it is the government that is in the position to know the effects of defendants' provided information." *Id.* at 999 (quoting *United States v. Ressam*, 679 F.3d 1069, 1092–93 (9th Cir. 2012)) (cleaned up). While mere speculation or conclusory assertions are insufficient to prevent disclosure of sealed filings, "direct threats are not 'a strict condition precedent to a district court's granting of a closure motion.'" *Id.* (quoting *United*

*States v. Doe*, 63 F.3d 121, 130 (2d Cir. 1995)); *accord United States v. Doe*, 962 F.3d 139, 149 (4th Cir. 2020) ("*Doe (4th Cir.)*") (ordering sealing of motion for sentence reduction and associated order referencing government's § 5K1.1 motion, agreeing that "a direct threat was not necessary to establish a substantial probability of harm where the record clearly revealed a heightened risk"); *cf. In re Civ. Beat L. Ctr. for Pub. Int.*, No. 21-MC-00298-DKW-KJM, 2021 WL 4898660, at *5 (D. Haw. Oct. 14, 2021) (ordering unsealing of plea agreement where defendant presented only "counsel's conclusory assertions that disclosure of the plea agreement would endanger [defendant] and his family because it contemplated his cooperation with the Government").

The mere fact that a "[d]efendant's cooperation has technically been available to the public" does not mean his cooperation is "already a matter of public record" where there is no suggestion that the defendant's cooperation has been reported in the media. *Doe (4th Cir.)*, 962 F.3d at 151.

## II. ARGUMENT

Sealed Motion 264 [redacted] and was filed and heard in connection with Denise Jackson's sentencing. *See*

Sealed Motion 264; Dkt. 265 (scheduling hearing on Sealed Motion 264 for date of Denise Jackson's sentencing hearing). The motion describes [redacted]

**A. There Is a Substantial Probability that the Compelling Interest of Protecting Witness Safety Would Be Harmed in the Absence of Closure[4]**

[redacted]

[4] Because of the substantial overlap under the facts here, the United States addresses together the first two requirements for overcoming a qualified First Amendment right of access. *See also Doe (9th Cir.)*, 870 F.3d at 998 (same).

[redacted]

[redacted]

---

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

Absent continued sealing of Sealed Motion 264, there is a heightened risk of harm to Denise Jackson given (1) the violent and abusive nature of the codefendant Curtiss Jackson; (2) the witness intimidation that occurred in the case; and (3) the significant financial judgment and restitution that Curtiss Jackson has to pay as a result of the prosecution, providing a continuing basis for retribution.[6]

The harm is not merely speculative. There is documented abuse between Denise Jackson and her codefendant and ex-husband. And when the case came under investigation and prosecution, Curtiss Jackson engaged in witness intimidation and tampering against Denise Jackson. While Curtiss Jackson has

---

[6] In *Doe (9th Cir.)*, the Ninth Circuit identified financial loss to a drug trafficking organization as a factor contributing to a heightened risk to a cooperating defendant. 870 F.3d at 998-99 ("district court's conclusion that the risks to Doe and his family were speculative is contradicted by the evidence in the record about Doe's involvement with a wealthy, international cartel . . . which lost roughly half a million dollars as a result of Doe's arrest").

been sentenced to a lengthy term of incarceration, there will come a time when he will be released. Having presided over the trial in the case against Curtiss Jackson, this Court is well aware of the relationship between the codefendants and the allegations of abuse and threats.

[redacted]

**B. There Are No Alternatives to Closure that Would Adequately Protect Witness Safety**

There are no adequate alternatives to sealing that would adequately protect the safety of Denise Jackson. [redacted]

[redacted]

[redacted]

[redacted]

[7] To the extent the Court disagrees with continued sealing of Sealed Motion 264 and believes some portion should be unsealed, the United States respectfully requests that, at a minimum, Section II of the motion, [redacted] should remain redacted and under seal.

[redacted]

//

//

//

//

//

//

//

//

//

## III. CONCLUSION

For the foregoing reasons, movant's Motion to Unseal should be denied and Sealed Motion 264, as well as those portions of the Sentencing Memorandums referencing and discussing Sealed Motion 264, should remain sealed.

DATED: August 12, 2026, at Honolulu, Hawaii.

Respectfully Submitted,

KENNETH M. SORENSON
United States Attorney
District of Hawaii

By: *<u>/s/ Margaret C. Nammar</u>*
MARGARET C. NAMMAR
AISLINN K. AFFINITO
Assistant U.S. Attorneys

LORINDA I. LARYEA
Chief
Fraud Section, Criminal Division
U.S. Department of Justice

By: *<u>/s/ Matthew Reilly</u>*
MATTHEW REILLY
JENNIFER BILINKAS
Trial Attorneys